UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-23079

| | |
|---|---|
| UO SOLUTIONS, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CKS SEEDS LLC, an Oregon limited liability company, CKSHO LLC, a North Carolina limited liability company, and PCS SERVICES LLC, a California limited liability company, | ) ) ) ) |
| Defendants. | ) ) ) |

_____/

## COMPLAINT

Plaintiff, UO SOLUTIONS, LLC ("UO Solutions"), by and through its undersigned counsel, brings this action against Defendants, CKS SEEDS LLC ("CKS"), CKSHO LLC ("CKSHO"), and PCS SERVICES LLC ("PCS") (CKS, CKSHO, and PCS shall hereinafter be collectively referred to as "Defendants"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff UO Solutions is a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida.

2.      Defendant CKS is an Oregon limited liability company with its principal place of business in San Francisco, California.

3.      Defendant CKSHO is a North Carolina limited liability company with its principal place of business in Winston Salem, North Carolina.

1

4.     Defendant PCS is a California limited liability company with its principal place of business in Portland, Oregon.

5.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a)(1) over Plaintiff's cause of action.

6.     This is an action for damages where the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest, attorney's fees, and costs.

7.     This Honorable Court has personal jurisdiction over Defendants as a result of their business activities and pursuant to each of the Services Agreements (as defined below) attached hereto as Exhibit "A," Exhibit "B," and Exhibit "C."

8.     Venue for this action properly lies in this Honorable Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district.

9.     All conditions precedent to the initiation of the claims set forth in this Complaint have been performed, satisfied, excused, or waived.

10.    Plaintiff UO Solutions has retained the undersigned law firm to represent it in this action and has agreed to pay reasonable attorneys' fees and costs for such legal services.

## FACTUAL ALLEGATIONS

11.    Plaintiff UO Solutions provides its clients with professional services related to the creation, development, and execution of advertising campaigns and search engine optimization strategies ("UO Solutions Services").

12.    Upon information and belief, Defendants CKS, CKSHO, and PCS are affiliates and are part of an enterprise controlled by a company doing business as "Cookies." According to its website, Cookies is "the most globally recognized cannabis company."

13.    On March 30, 2024, each of Defendants CKS, CKSHO, and PCS engaged Plaintiff UO Solutions for the provision of UO Solutions Services (the "Engagement").

14.    The Engagement was memorialized by the parties through separate agreements, as follows:

15.    On March 30, 2024, Plaintiff UO Solutions and Defendant CKS entered into an agreement for the provision of UO Solutions Services to Defendant CKS (the "CKS Services Agreement") in exchange for a fee (the "CKS Fee"). *See the CKS Agreement attached hereto as Exhibit "A."*

16.    On March 30, 2024, Plaintiff UO Solutions and Defendant CKSHO entered into an agreement for the provision of UO Solutions Services to Defendant CKSHO (the "CKSHO Services Agreement") in exchange for a fee (the "CKSHO Fee"). *See the CKSHO Agreement attached hereto as Exhibit "B."*

17.    On March 30, 2024, Plaintiff UO Solutions and Defendant PCS entered into an agreement for the provision of UO Solutions Services to Defendant PCS (the "PCS Services Agreement") in exchange for a fee (the "PCS Fee"). *See the* PCS *Agreement attached hereto as Exhibit "C."*

18.    Following the execution of the CKS Services Agreement, the CKSHO Services Agreement, and the PCS Services Agreement (collectively, the "Services Agreements"), Plaintiff UO Solutions performed its obligations under the Services Agreements.

19.    In order to provide UO Solutions Services to Defendants CKS, CKSHO, and PCS, and as part of those services, Plaintiff UO Solutions, among other things,  (i) hired personnel, including but not limited to a full-time account executive, to manage Defendants CKS, CKSHO,

and PCS's accounts; (ii) prepared advertisement content and developed advertising and marketing campaigns; and (iii) created strategies for search engine optimization.

20.     At all times material hereto, Defendants CKS, CKSHO, and PCS were aware that Plaintiff UO Solutions was providing the UO Solutions Services to them.

21.     Despite Plaintiff UO Solutions' numerous demands that Defendants CKS, CKSHO, and PCS comply with their obligations under their respective Services Agreement, Defendant CKS has failed and refused to pay the CKS Fee, Defendant CKSHO has failed and refused to pay the CKSHO Fee, and Defendant PCS has failed and refused to pay the PCS Fee.

22.     As of the date of filing of this Complaint, neither of Defendants CKS, CKSHO, nor PCS has paid Plaintiff UO Solutions for the UO Solutions Services.

<u>**COUNT I**</u>
**Breach of Contract – CKS Services Agreement**
**(Against Defendant CKS)**

23.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

24.     Plaintiff UO Solutions and Defendant CKS entered into the CKS Services Agreement.

25.     The CKS Services Agreement is a valid and enforceable contract.

26.     Under the CKS Services Agreement, Defendant CKS had a duty to pay the CKS Fee to Plaintiff UO Solutions.

27.     Defendant CKS breached the CKS Services Agreement by failing to pay the CKS Fee to Plaintiff UO Solutions.

28.     Defendant CKS's breach of the CKS Services Agreement is material.

29.     As a direct result of Defendant CKS's breach of the CKS Services Agreement, Plaintiff UO Solutions suffered damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant CKS for damages, pre-judgment interest and post-judgment interest at the maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

**COUNT II**
**Breach of Contract – CKSHO Services Agreement**
**(Against Defendant CKSHO)**

30.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

31.     Plaintiff UO Solutions and Defendant CKSHO entered into the CKSHO Services Agreement.

32.     The CKSHO Services Agreement is a valid and enforceable contract.

33.     Under the CKSHO Services Agreement, Defendant CKSHO had a duty to pay the CKSHO Fee to Plaintiff UO Solutions.

34.     Defendant CKSHO breached the CKSHO Services Agreement by failing to pay the CKSHO Fee to Plaintiff UO Solutions.

35.     Defendant CKSHO's breach of the CKSHO Services Agreement is material.

36.     As a direct result of Defendant CKSHO's breach of the CKSHO Services Agreement, Plaintiff UO Solutions suffered damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant CKSHO for damages, pre-judgment interest and post-judgment interest at

the maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

### <u>COUNT III</u>
**Breach of Contract – PCS Services Agreement**
**(Against Defendant PCS)**

37.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

38.     Plaintiff UO Solutions and Defendant PCS entered into the PCS Services Agreement.

39.     The PCS Services Agreement is a valid and enforceable contract.

40.     Under the PCS Services Agreement, Defendant PCS had a duty to pay the PCS Fee to Plaintiff UO Solutions.

41.     Defendant PCS breached the PCS Services Agreement by failing to pay the PCS Fee to Plaintiff UO Solutions.

42.     Defendant PCS's breach of the PCS Services Agreement is material.

43.     As a direct result of Defendant PCS's breach of the Services Agreement, Plaintiff UO Solutions suffered damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant PCS for damages, pre-judgment interest and post-judgment interest at the maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

**COUNT IV**
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Against Defendant CKS)**

44.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

45.     Plaintiff UO Solutions and Defendant CKS entered into the CKS Services Agreement.

46.     The CKS Services Agreement is a valid and enforceable contract.

47.     By intentionally refusing to comply with its obligations under the CKS Services Agreement, Defendant CKS failed to act in good faith.

48.     Defendant CKS's conduct was not consistent with Plaintiff UO Solutions' reasonable expectations under the CKS Services Agreement.

49.     Defendant CKS's conduct caused Plaintiff UO Solutions to suffer damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant CKS for damages, pre-judgment interest and post-judgment interest at the maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

**COUNT V**
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Against Defendant CKSHO)**

50.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

51.     Plaintiff UO Solutions and Defendant CKSHO entered into the CKSHO Services Agreement.

52.     The CKSHO Services Agreement is a valid and enforceable contract.

53.     By intentionally refusing to comply with its obligations under the CKSHO Services Agreement, Defendant CKSHO failed to act in good faith.

54.     Defendant CKSHO's conduct was not consistent with Plaintiff UO Solutions' reasonable expectations under the CKSHO Services Agreement.

55.     Defendant CKSHO's conduct caused Plaintiff UO Solutions to suffer damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant CKSHO for damages, pre-judgment interest and post-judgment interest at the maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

## COUNT VI
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against Defendant PCS)

56.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

57.     Plaintiff UO Solutions and Defendant PCS entered into the PCS Services Agreement.

58.     The PCS Services Agreement is a valid and enforceable contract.

59.     By intentionally refusing to comply with its obligations under the PCS Services Agreement, Defendant PCS failed to act in good faith.

60.     Defendant PCS's conduct was not consistent with Plaintiff UO Solutions' reasonable expectations under the PCS Services Agreement.

61.     Defendant PCS's conduct caused Plaintiff UO Solutions to suffer damages.

WHEREFORE, Plaintiff UO Solutions respectfully demands a final judgment in its favor and against Defendant PCS for damages, pre-judgment interest and post-judgment interest at the

maximum rate allowable by law, and for any additional relief that this Honorable Court deems just, equitable, and proper.

## COUNT VII
### Promissory Estoppel
### (Against Defendant CKS)

62.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

63.     Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

64.     Plaintiff UO Solutions detrimentally relied on promises made by Defendant CKS.

65.     Defendant CKS reasonably should have expected its promise to induce reliance in the form of action on the part of Plaintiff UO Solutions.

66.     The injustice to Plaintiff UO Solutions can only be avoided by enforcement of the promises CKS made against Defendant CKS.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant CKS for damages, pre-judgment interest and post–judgment interest at the maximum rate allowable by law, and for such additional as this Honorable Court deems just, equitable, and proper.

## COUNT VIII
### Promissory Estoppel
### (Against Defendant CKSHO)

67.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

68.     Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

69.     Plaintiff UO Solutions detrimentally relied on promises made by Defendant CKSHO.

70.     Defendant CKSHO reasonably should have expected its promise to induce reliance in the form of action on the part of Plaintiff UO Solutions.

71.     The injustice to Plaintiff UO Solutions can only be avoided by enforcement of the promises Defendant CKSHO made against Defendants CKSHO.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant CKSHO for damages, pre-judgment interest and post–judgment interest at the maximum rate allowable by law, and for such additional as this Honorable Court deems just, equitable, and proper.

## COUNT IX
### Promissory Estoppel
### (Against Defendant PCS)

72.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

73.     Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

74.     Plaintiff UO Solutions detrimentally relied on promises made by Defendant PCS.

75.     Defendant PCS reasonably should have expected its promise to induce reliance in the form of action on the part of Plaintiff UO Solutions.

76. The injustice to Plaintiff UO Solutions can only be avoided by enforcement of the promises Defendant PCS made against Defendants PCS.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant PCS for damages, pre-judgment interest and post–judgment interest at the maximum rate allowable by law, and for such additional as this Honorable Court deems just, equitable, and proper.

## COUNT X
### Unjust Enrichment/Contract Implied in Law
### (Against Defendant CKS)

77. Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

78. Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

79. Plaintiff UO Solutions conferred a benefit upon Defendant CKS by providing the UO Solutions Services (the "Benefit Conferred").

80. Defendant CKS accepted and retained the Benefit Conferred upon it by Plaintiff UO Solutions knowingly and voluntarily.

81. The circumstances are such that it would be inequitable for Defendant CKS to retain the Benefit Conferred upon it by Plaintiff UO Solutions without providing fair value for it.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant CKS for damages, pre-judgment interest and post– judgment interest at the maximum rate allowable by law, and for such other relief as this Honorable Court deems just, equitable, and proper.

## COUNT XI
### Unjust Enrichment/Contract Implied in Law
### (Against Defendant CKSHO)

82.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

83.     Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

84.     Plaintiff UO Solutions conferred a benefit upon Defendant CKSHO by providing the UO Solutions Services (the "Benefit Conferred").

85.     Defendant CKSHO accepted and retained the Benefit Conferred upon it by Plaintiff UO Solutions knowingly and voluntarily.

86.     The circumstances are such that it would be inequitable for Defendant CKSHO to retain the Benefit Conferred upon it by Plaintiff UO Solutions without providing fair value for it.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant CKSHO for damages, pre-judgment interest and post– judgment interest at the maximum rate allowable by law, and for such other relief as this Honorable Court deems just, equitable, and proper.

## COUNT XII
### Unjust Enrichment/Contract Implied in Law
### (Against Defendant PCS)

87.     Plaintiff UO Solutions re-alleges and incorporates paragraphs one (1) through thirteen (13), nineteen (19) through twenty (20), and twenty-two (22) above as if fully set forth herein.

88.     Plaintiff UO Solutions pleads this claim in the alternative, separate and apart from any breach of contract claim asserted in this Complaint.

89.     Plaintiff UO Solutions conferred a benefit upon Defendant PCS by providing the UO Solutions Services (the "Benefit Conferred").

90.     Defendant PCS accepted and retained the Benefit Conferred upon it by Plaintiff UO Solutions knowingly and voluntarily.

91.     The circumstances are such that it would be inequitable for Defendant PCS to retain the Benefit Conferred upon it by Plaintiff UO Solutions without providing fair value for it.

WHEREFORE, Plaintiff UO Solutions respectfully demands the entry of a final judgment in its favor and against Defendant PCS for damages, pre-judgment interest and post– judgment interest at the maximum rate allowable by law, and for such other relief as this Honorable Court deems just, equitable, and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 13th day of August, 2024.

Respectfully Submitted,

**Ariel Rapaport, P.A.**
19790 W Dixie Hwy, 11th Floor
Aventura, FL 33180
Direct: (305) 929- 8668
ariel@arapaportlaw.com

/s/Ariel Rapaport
Ariel Rapaport, Esq.
FBN: 1011939

**UO SOLUTIONS**

## WORK ORDER

This Digital Agency Work Order (the "Work Order") is made this 10th day of march 2024, ("Effective Date") between:
**UO Solutions LLC**, a company located at 14 NE 1st Avenue, Suite #703, Miami, FL, US ("Agency") and
**CKS Seeds LLC** , located at 945 Taraval St #1084, San Francisco, CA 94116,("Customer"),

**1. Scope of Work**
1.1. Agency is in the business of providing professional services in the form of creative, strategic and technical development of digital products and e-commerce services, and Customer wish to engage the Agency for the provision of professional services in accordance with the terms, conditions and specifications of this Work Order (the "Services").
1.2. Any other services or changes to the Services, not included here, can be quoted at an additional fee upon Customer's request.
1.3. The Services included in this Work Order are the following:

Services: Scope of Work, Fees and Payments:

Programmatic Display Advertising

Creative - Programmatic ads

Creative - Landing Page

Meta Ads Creation

Meta Campaign run from UO's account

Google Search & Shopping Ads

1.4. The Agency shall use commercially reasonable efforts to meet the scope and estimates set forth in this work order. Online campaigns will have automatic monthly renewal and will only be cancelled at the express and reliable request of the Customer. Agency will promptly notify Customer of any circumstances that may reasonably be anticipated to lead to a material delay.

| | Targeting | Deliverables |
|---|---|---|
| Programmatic & Contextual Display | Consumer devices identified in 11 homegrow-friendly states (ME,NH,MA,CO,NM, OR,NV,MO,IL,VA,CT) With added focus on Hemp overlap states (CO,CT,OR) | Est. 780k imp p/month |
| Google Shopping & Search | Sample keywords, "buy cannabis seeds", "buy marijuana seeds", "grow weed at home", "grow pot at home", "grow marijuana at home", etc | Est. 27,000 imp p//month |
| Facebook | Interest: Seeds, Hemp oil, Health & Wellness, Field of study: Alternative Medicine | Est. 1,100,000 imp p//month |
| Ad Creatives | 5 ads (1 Programmatic animated static, 2 FB, 2 Google Search & Shop) | |
| Gateway/Landing Page | Compliant gateway landing page to be used for ad campaigns | |

| | | | |
|---|---|---|---|
| Total Seed Mktg Investment | $12,625 p/mo | $ 11.15 Avg CPM $3 Avc CPC | Est 1.9M Imp p/mo |
| Agency Fee (50% discount for first 90 days) | Included in the Hemp budget | | |
| Total Seeds Monthly Budget | $12,625 | | |

2.1. Services Fees:
The Customer agrees to pay Agency as consideration for the Services, the following fees (the "Fees"):
The fees set forth herein are exclusive of taxes. Customer will be responsible for all taxes, levies, and assessments, excepting taxes based on the income of Agency.
2.2. Payment:
2.2.1. Customer will pay each Agency invoice for the Services within ten (10) days after the date of the invoice. Agency shall have the right to charge Customer a late fee equal to one percent (1%) per month of the outstanding unpaid amount, for any payments received after the payment date.

2.2.2. By signing the "Payment Authorization Form for Professional Services" attached hereto as Exhibit A, Customer authorises all Fees payments under this Work Order to be automatically deducted from his bank account or charged to his credit card, as specified therein.

2.2.3. Customer will mail payments to:
Wire Transfer Instructions:
Beneficiary: UO Solutions, LLC
JP Morgan Chase Bank
SWIFT CHASUS33
Routing 267084131
Account 377965873

Customer will send checks to:
UO Solutions, LLC
Attn: Alejandro Donzis
14 NE 1st Avenue, Suite #703
Miami, Florida, 33132

## 3. Term and Termination

3.1. This Work Order will commence on the Effective Date and will continue in effect for a term of twelve (12)] [months] unless terminated earlier in accordance with this section 3.
3.2. Either party may terminate this Work Order for a material breach which remains uncured for fifteen (15) days after the breaching party receives notice of such breach from the non-breaching party. Any non-payment or late payment of Customer of Fees due to the Agency shall be considered a material breach.
3.3. Either party may terminate this Work Order for convenience, at any time, upon sixty (60) days' prior written notice to the other party.

## 4. Independent Contractor and Non-Solicitation

The Parties agree that the Parties shall be considered independent contractors and not agents or employees of the other Party. Neither Party shall have authority to make any statements, representations or commitments of any kind, nor to take any action which shall be binding on the other Party, except as may be expressly provided for herein or authorized in writing.
Recognizing the time and expense of the Agency investment in its employees, client agrees that it shall not directly or indirectly employ, hire or retain any person who is an employee of the Agency during the term of this agreement and for a period of three (3) years following the termination of this agreement.

## 5. Disclaimers and Liability

EXCEPT AS EXPRESSLY STATED IN THIS WORK ORDER, AGENCY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, IMPLIED WARRANTIES OF TITLE, NON-INFRINGEMENT AND MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE. WITHOUT LIMITING THE FOREGOING, AGENCY MAKES NO WARRANTY OF ANY KIND THAT THE SERVICES OR AGENCY MATERIALS, OR ANY PRODUCTS OR RESULTS OF THE USE THEREOF, WILL A)MEET CUSTOMER'S OR ANY OTHER PERSON'S REQUIREMENTS; B) OPERATE WITHOUT INTERRUPTION; C) ACHIEVE ANY INTENDED RESULT; D) BE COMPATIBLE OR WORK WITH ANY SOFTWARE, SYSTEM OR OTHER SERVICES EXCEPT IF AND TO THE EXTENT EXPRESSLY SET FORTH IN THE SPECIFICATIONS; OR E) BE SECURE, ACCURATE, COMPLETE, FREE OF HARMFUL CODE OR ERROR FREE. ALL THIRD-PARTY MATERIALS ARE PROVIDED "AS IS" AND ANY REPRESENTATION OR WARRANTY OF OR CONCERNING ANY THIRD PARTY MATERIALS IS STRICTLY BETWEEN CUSTOMER AND THE THIRD-PARTY OWNER OR DISTRIBUTOR OF THE THIRD-PARTY MATERIALS. To the maximum extent permitted by applicable law, in no event and under no legal theory, with respect to claims for breach of contract and property damage, shall the Agency be liable to Customer for consequential, incidental, indirect, punitive or exemplary losses or damages, or any liability for loss of revenue, loss of profit, loss of product, loss of replacement power or business interruption or loss of business opportunity.

**UO**SOLUTIONS

**6. Notices**

Any notice to be given hereunder will be in writing and will be personally delivered or sent by electronic mail, or registered or certified mail (return receipt requested) to the addresses specified below

Company Name:  CKS Seeds LLC
Company Address:  945 Taraval St #1084
San Francisco, CA 94116
Point of Contact: Alex Fotta
POC Email:  alex@boringcontentagency.com
Payment Type  Wire

To Agency:
Email address: accounts@uosolutions.com

**7. Governing Law**

This Work Order shall be governed and construed in accordance with the laws of the State of Florida without regard to the conflicts of laws or principles thereof and applicable US federal law. Any and all disputes, claims or litigation arising from or related in any way to this Work Order or any provisions herein will be resolved exclusively in the state and federal courts located in Florida. The parties hereby waive any objections against and expressly agree to submit to the personal jurisdiction and venue of such state or federal courts.

**EXECUTION:**

The parties have executed this Work Order on the date written below.

| UO Solutions LLC | Customer: CKS Seeds LLC |
|---|---|
| Signature: _____ | Signature: _____ |
| Name: Juan Gamboa | Name: Alex Fotta |
| Title: Director | Title:CEO |
| Date: _____ | Date: ___3/30/2024___ |

UO SOLUTIONS

## WORK ORDER

This Digital Agency Work Order (the "Work Order") is made this 10th day of march 2024, ("Effective Date") between:
**UO Solutions LLC**, a company located at 14 NE 1st Avenue, Suite #703, Miami, FL, US ("Agency") and
**CKSHO LLC** , located at 2806 Reynolda Dr #204, Winston Salem, NC 27104,("Customer"),

**1. Scope of Work**
1.1. Agency is in the business of providing professional services in the form of creative, strategic and technical development of digital products and e-commerce services, and Customer wish to engage the Agency for the provision of professional services in accordance with the terms, conditions and specifications of this Work Order (the "Services").
1.2. Any other services or changes to the Services, not included here, can be quoted at an additional fee upon Customer's request.
1.3. The Services included in this Work Order are the following:

Services: Scope of Work, Fees and Payments:

Programmatic Display Advertising

Creative - Programmatic ads

Creative - Landing Page

Meta Ads Creation

Meta Campaign run from UO's account

Google Search & Shopping Ads

1.4. The Agency shall use commercially reasonable efforts to meet the scope and estimates set forth in this work order. Online campaigns will have automatic monthly renewal and will only be cancelled at the express and reliable request of the Customer. Agency will promptly notify Customer of any circumstances that may reasonably be anticipated to lead to a material delay.

| | Targeting | Deliverables |
|---|---|---|
| Programmatic Display | Cannabis targeting based on data from  New Frontier Data and our data of known purchasers. Retarget based on site visits.Delivery states, added focus on seed overlap search (CO,CT,OR) | Est  2.2M  imp p/month |
| Google  Shopping & Search | Sample keywords, "buy delta 8", "buy hhc", "buy THC gummies", "Charlotte's web", Delta 8, "Hemp flower", "Hemp gummies" etc | Est. 27,000 p//month |
| Facebook | Interest: Seed, Hemp oil, Health & Wellness, Field of study: Alternative Medicine | Est. 1,150,000 imp p//month |
| Ad Creatives | 5 ads (2 Programmatic animated static, 2 FB, 1 Google Search & Shop) | |
| Gateway/Landing Page | Compliant gateway landing page to be used for ad campaigns | |

| | | | |
|---|---|---|---|
| Total Hemp Mktg Investment | $24,875 p/mo | $ 11.15 Avg CPM $3 Avc CPC | Est 3.3M Imp p/mo |
| Agency Fee (50% discount for first 90 days) | ~~$5,500 p/mo~~ $2,250 p/mo | | |
| Total Hemp Monthly Budget | $27,125 | | |

2.1. Services Fees:
The Customer agrees to pay Agency as consideration for the Services, the following fees (the "Fees"):
The fees set forth herein are exclusive of taxes. Customer will be responsible for all taxes, levies, and assessments, excepting taxes based on the income of Agency.
2.2. Payment:
2.2.1. Customer will pay each Agency invoice for the Services within ten (10) days after the date of the invoice. Agency shall have the right to charge Customer a late fee equal to one percent (1%) per month of the outstanding unpaid amount, for any payments received after the payment date.
2.2.2. By signing the "Payment Authorization Form for Professional Services" attached hereto as Exhibit A, Customer authorises all Fees payments under this Work Order  to be automatically deducted from his bank account or charged to his credit card, as specified therein.

DocuSign Envelope ID: 05C19F73-9BB5-4061-8A50-CE9DC27ZED60

2.2.3. Customer will mail payments to:

Wire Transfer Instructions:
Beneficiary: UO Solutions, LLC
JP Morgan Chase Bank
SWIFT CHASUS33
Routing 267084131
Account 377965873

Customer will send checks to:
UO Solutions, LLC
Attn: Alejandro Donzis
14 NE 1st Avenue, Suite #703
Miami, Florida, 33132

## 3. Term and Termination

3.1. This Work Order will commence on the Effective Date and will continue in effect for a term of twelve (12)] [months] unless terminated earlier in accordance with this section 3.

3.2. Either party may terminate this Work Order for a material breach which remains uncured for fifteen (15) days after the breaching party receives notice of such breach from the non-breaching party. Any non-payment or late payment of Customer of Fees due to the Agency shall be considered a material breach.

3.3. Either party may terminate this Work Order for convenience, at any time, upon sixty (60) days' prior written notice to the other party.

## 4. Independent Contractor and Non-Solicitation

The Parties agree that the Parties shall be considered independent contractors and not agents or employees of the other Party. Neither Party shall have authority to make any statements, representations or commitments of any kind, nor to take any action which shall be binding on the other Party, except as may be expressly provided for herein or authorized in writing.

Recognizing the time and expense of the Agency investment in its employees, client agrees that it shall not directly or indirectly employ, hire or retain any person who is an employee of the Agency during the term of this agreement and for a period of three (3) years following the termination of this agreement.

## 5. Disclaimers and Liability

EXCEPT AS EXPRESSLY STATED IN THIS WORK ORDER, AGENCY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, IMPLIED WARRANTIES OF TITLE, NON-INFRINGEMENT AND MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE. WITHOUT LIMITING THE FOREGOING, AGENCY MAKES NO WARRANTY OF ANY KIND THAT THE SERVICES OR AGENCY MATERIALS, OR ANY PRODUCTS OR RESULTS OF THE USE THEREOF, WILL A)MEET CUSTOMER'S OR ANY OTHER PERSON'S REQUIREMENTS; B) OPERATE WITHOUT INTERRUPTION; C) ACHIEVE ANY INTENDED RESULT; D) BE COMPATIBLE OR WORK WITH ANY SOFTWARE, SYSTEM OR OTHER SERVICES EXCEPT IF AND TO THE EXTENT EXPRESSLY SET FORTH IN THE SPECIFICATIONS; OR E) BE SECURE, ACCURATE, COMPLETE, FREE OF HARMFUL CODE OR ERROR FREE. ALL THIRD-PARTY MATERIALS ARE PROVIDED "AS IS" AND ANY REPRESENTATION OR WARRANTY OF OR CONCERNING ANY THIRD PARTY MATERIALS IS STRICTLY BETWEEN CUSTOMER AND THE THIRD-PARTY OWNER OR DISTRIBUTOR OF THE THIRD-PARTY MATERIALS. To the maximum extent permitted by applicable law, in no event and under no legal theory, with respect to claims for breach of contract and property damage, shall the Agency be liable to Customer for consequential, incidental, indirect, punitive or exemplary losses or damages, or any liability for loss of revenue, loss of profit, loss of product, loss of replacement power or business interruption or loss of business opportunity.

**6. Notices**

Any notice to be given hereunder will be in writing and will be personally delivered or sent by electronic mail, or registered or certified mail (return receipt requested) to the addresses specified below

Company Name: PCS Services LLC
Company Address: 3300 Nw 185th ave #103
Portland Oregon 97229
Point of Contact: Alex Fotta
POC Email:  alex@boringcontentagency.com
Payment Type: Wire


To Agency:
Email address: accounts@uosolutions.com


**7. Governing Law**

This Work Order shall be governed and construed in accordance with the laws of the State of Florida without regard to the conflicts of laws or principles thereof and applicable US federal law. Any and all disputes, claims or litigation arising from or related in any way to this Work Order or any provisions herein will be resolved exclusively in the state and federal courts located in Florida. The parties hereby waive any objections against and expressly agree to submit to the personal jurisdiction and venue of such state or federal courts.


**EXECUTION:**

The parties have executed this Work Order on the date written below.

| UO Solutions LLC | Customer: PCS Services LLC |
|---|---|
| Signature: _____ | Signature: _____ |
| Name: Juan Gamboa | Name: Alex Fotta |
| Title: Director | Title: CEO |
| Date: _____ | Date: ____3/30/2024____ |

DocuSign Envelope ID: 27DC5A65-B5B1-4BDF-B98B-45DC620C6490

**DIGITAL AGENCY WORK ORDER**

This Digital Agency Work Order (the "Work Order") is made this 25th day of March 2024, ("Effective Date") between:
**UO Solutions LLC**, a company located at 14 NE 1st Avenue, Suite #703, Miami, FL, US ("Agency") and
**PCS Services LLC**, located at 3300 NW 185th Ave #103, Portland Oregon 97229 ("Customer"),

**1. Scope of Work**
1.1. Agency is in the business of providing professional services in the form of creative, strategic and technical development of digital products and e-commerce services, and Customer wish to engage the Agency for the provision of professional services in accordance with the terms, conditions and specifications of this Work Order (the "Services").
1.2. Any other services or changes to the Services, not included here, can be quoted at an additional fee upon Customer's request.
1.3. The Services included in this Work Order are the following:

Services: Scope of Work, Fees and Payments:

| Strategy | Service | Details | Deliverables | Budget |
|---|---|---|---|---|
| SEO /Organic Growth | Backlinks | Combination of high DA media placement & blog links, focus sites with of DA 60+ | Estimated: 4 Backlinks per month | |
| SEO /Organic Growth | Content SEO (blogs) | Up to 1500 words include.<br>● Competitor & KW research<br>● Topic ideation<br>● Production & editing<br>● 1 round of review<br>● Image sourcing<br>● Header optimization<br>● Upload CMS optimization | 8 blogs p/mo | |
| Advertising / Craft | Creativity & Design | (2 programmatic animated static, 2 FB, 2 Google Search & Shop), including 2 revisions. New ads set updates when needed. | 6 ads created bi-monthly or as needed to optimize conversions | |
| Advertising / Media | Programmatic / Contextual Display | Known Consumer devices identified in 11 home grow-friendly states (ME,NH,MA,CO,NM, OR,NV,MO,IL,VA,CT) With added focus on Hemp overlap states (CO,CT,OR). | Approx. 1M imp p/month. | |
| Advertising / Media | Google Search & Shopping | Target grow friendly states, Sample keywords, "buy cannabis seeds", "buy marijuana seeds", "grow weed at home", "grow pot at home", "grow marijuana at home", etc | Approx. 47k imp p/month. | |
| Advertising / Media | Facebook | Interest: Seeds, Hemp oil, Health & Wellness, Field of study: Alternative Medicine | Approx. 1.1M imp p/month. | |
| Account Management & Reporting | | Detailed dashboard.<br>Assigned Account Manager, Monthly Reporting & Optimizations. regular strategy review. | Account management & reporting | |
| Total Monthly | | SEO Budget + Marketing Budget<br>KPI's = Sales/Conversions & Increased Organic Traffic<br>$ 7.98 Avg CPM / $3 Avg CPC / Est 2.15M Imp per month. | | $25,625 |

One Time Fees:

| Advertising / Craft | Gateway / Landing Page | Design, programming, implementation of compliant gateway landing page to be used for ad campaigns. | 1 gateway page | $375 |
|---|---|---|---|---|

---

DocuSign Envelope ID: 27DC5A65-B5B1-4BDF-B98B-45DC620C6490

1.4. The Agency shall use commercially reasonable efforts to meet the scope and estimates set forth in this work order. Online campaigns will have automatic monthly renewal and will only be canceled at the express and reliable request of the Customer. Agency will promptly notify Customer of any circumstances that may reasonably be anticipated to lead to a material delay.

2.1. Service Fees:

The Customer agrees to pay Agency as consideration for the Services, the following fees (the "Fees"):
The fees set forth herein are exclusive of taxes. Customer will be responsible for all taxes, levies, and assessments, excepting taxes based on the income of the Agency.

This agreement, when signed by you, will confirm that you have hired UO Solutions, LLC commencing March 25st, 2024.  The total monthly fee will be $25,625 per month. March bill will be prorated only for SEO service and Craft.

The minimum term of this agreement is three months.

2.2. Payment:

2.2.1. Customer will pay each Agency invoice for the Services within ten (10) days after the date of the invoice. Agency shall have the right to charge Customer a late fee equal to one percent (1%) per month of the outstanding unpaid amount, for any payments received after the payment date. All Credit Card payments are subject to a 2.9% credit card processing surcharge.

2.2.2. By signing the "Payment Authorization Form for Professional Services", Customer authorizes all Fees payments under this Work Order to be automatically deducted from his bank account or charged to his credit card, as specified therein.

2.2.3. Customer can provide an ACH authorization form, send a wire, or mail payments to:

Wire Transfer Instructions:
Beneficiary: UO Solutions, LLC
JP Morgan Chase Bank
SWIFT CHASUS33
Routing  267084131
Account 377965873

Customer will send checks to:
UO Solutions, LLC
Attn: Alejandro Donzis
14 NE 1st Avenue, Suite #703
Miami, Florida, 33132

**3. Term and Termination**
3.1. This Work Order will commence on the Effective Date and will continue in effect for a term of three (3) months unless terminated earlier in accordance with this section 3.
3.2. Either party may terminate this Work Order for a material breach which remains uncured for fifteen (15) days after the breaching party receives notice of such breach from the non-breaching party. Any non-payment or late payment of Customer of Fees due to the Agency shall be considered a material breach.
3.3. Either party may terminate this Work Order for convenience, at any time, upon thirty (30) days' prior written notice to the other party.

**4. Independent Contractor and Non-Solicitation**
The Parties agree that the Parties shall be considered independent contractors and not agents or employees of the other Party. Neither Party shall have authority to make any statements, representations or commitments of any kind, nor to take any action which shall be binding on the other Party, except as may be expressly provided for herein or authorized in writing.
Recognizing the time and expense of the Agency investment in its employees, client agrees that it shall not directly or indirectly employ, hire or retain any person who is an employee of the Agency during the term of this agreement and for a period of three (3) years following the termination of this agreement.

**5. Disclaimers and Liability**
EXCEPT AS EXPRESSLY STATED IN THIS WORK ORDER, AGENCY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, IMPLIED WARRANTIES OF TITLE, NON-INFRINGEMENT AND MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE. WITHOUT LIMITING THE FOREGOING, AGENCY MAKES NO WARRANTY OF ANY KIND THAT THE SERVICES OR AGENCY MATERIALS, OR ANY PRODUCTS OR RESULTS OF THE USE THEREOF, WILL A)MEET CUSTOMER'S OR ANY OTHER PERSON'S

UOSOLUTIONS

REQUIREMENTS; B) OPERATE WITHOUT INTERRUPTION; C) ACHIEVE ANY INTENDED RESULT; D) BE COMPATIBLE OR WORK WITH ANY SOFTWARE, SYSTEM OR OTHER SERVICES EXCEPT IF AND TO THE EXTENT EXPRESSLY SET FORTH IN THE SPECIFICATIONS; OR E) BE SECURE, ACCURATE, COMPLETE, FREE OF HARMFUL CODE OR ERROR FREE. ALL THIRD-PARTY MATERIALS ARE PROVIDED "AS IS" AND ANY REPRESENTATION OR WARRANTY OF OR CONCERNING ANY THIRD PARTY MATERIALS IS STRICTLY BETWEEN CUSTOMER AND THE THIRD-PARTY OWNER OR DISTRIBUTOR OF THE THIRD-PARTY MATERIALS. To the maximum extent permitted by applicable law, in no event and under no legal theory, with respect to claims for breach of contract and property damage, shall the Agency be liable to Customer for consequential, incidental, indirect, punitive or exemplary losses or damages, or any liability for loss of revenue, loss of profit, loss of product, loss of replacement power or business interruption or loss of business opportunity.

## 6. Notices
Any notice to be given hereunder will be in writing and will be personally delivered or sent by electronic mail, or registered or certified mail (return receipt requested) to the addresses specified below

Company Name:  **PCS Services LLC**
Company Address:  3300 NW 185th Ave #103, Portland Oregon 97229
Point of Contact: **Alex Fotta**
POC Email:  alex@boringcontentagency.com
Payment Type  Wire

To Agency:
Email address: accounts@uosolutions.com

## 7. Governing Law
This Work Order shall be governed and construed in accordance with the laws of the State of Florida without regard to the conflicts of laws or principles thereof and applicable US federal law. Any and all disputes, claims or litigation arising from or related in any way to this Work Order or any provisions herein will be resolved exclusively in the state and federal courts located in Florida. The parties hereby waive any objections against and expressly agree to submit to the personal jurisdiction and venue of such state or federal courts.

## EXECUTION:
The parties have executed this Work Order on the date written below.

UO Solutions
Signature: _Alejandro Donzis_
D1B212A28FA34A9...
Name: Alejandro Donzis
Title: Managing Partner
Date: 3/29/2024

Customer:  **PCS Services LLC**
Signature: _alex fotta_
DA9EDF41B31A4EB...
Name: Alex Fotta
Title: Authorized Representative
Date: 3/30/2024

---